IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:18-cv-00500

MITCHELL REPAIR INFORMATION
COMPANY, LLC d/b/a MITCHELL I,

Plaintiff

v.

NOREGON SYSTEMS, INC.,

Defendant

**ANSWER AND COUNTERCLAIM**

Defendant, through counsel, answering the second amended complaint of plaintiff, alleges and says:

1. Admitted upon information and belief.

2. Admitted.

3. The allegations contained in paragraph 3 of the second amended complaint constitute legal contentions, opinions, theories, and conclusions rather than factual averments, such that no responsive pleading is permitted or required; in the alternative, denied.

4. It is admitted that defendant makes, sells, and offers to sell various vehicle diagnostic systems, devices, products, and services, including the JPRO Professional Diagnostic Software with NextStep, within North Carolina, and that defendant maintains its principal place of business in the State of North Carolina. The remaining allegations contained in paragraph 4 of the second amended complaint constitute legal contentions,

opinions, theories, and conclusions rather than factual averments, such that no responsive pleading is permitted or required; in the alternative, denied.

5. It is admitted that plaintiff operates a business in the commercial trucking industry. The remaining allegations contained in paragraphs 5 of the second amended complaint are denied for lack of sufficient information and belief.

6. It is admitted that commercial trucks range from light trucks (classes 1-3) and medium trucks (classes 4-6) to heavy duty trucks (classes 7-8). The remaining allegations contained in paragraphs 6 of the second amended complaint are denied for lack of sufficient information and belief.

7-8. Denied for lack of sufficient information and belief.

9. Denied.

10. The allegations contained in paragraph 10 refer to an end user license agreement, which speaks for itself and is the best evidence of the content thereof; hence, the remaining allegations contained in paragraph 10 of the second amended complaint are denied.

11. Denied for lack of sufficient information and belief.

12. It is admitted that the parties entered into the agreement referred to, which speaks for itself and is the best evidence of the content thereof; hence, the remaining allegations contained in paragraph 12 of the second amended complaint are denied.

13-14. Denied.

2

15. It is admitted that the parties entered into the agreement referred to, which speaks for itself and is the best evidence of the content thereof; hence, the remaining allegations contained in paragraph 15 of the second amended complaint are denied.

16. It is admitted that the agreements and reports referred to speak for themselves and are the best evidence of the content thereof; hence, the remaining allegations contained in paragraph 16 of the second amended complaint are denied.

17-20. It is admitted that the agreements referred to speak for themselves and are the best evidence of the content thereof; hence, the remaining allegations contained in paragraphs 17-20 of the second amended complaint are denied.

21. It is admitted that if an end user sought repair information on a component that plaintiff's system covered, the end user could select a tab entitled "NextStep" or "NextStep Net" in the JPRO diagnostic tool's user interface and then be able to access Mitchell's REPAIR-CONNECT system; otherwise, denied.

22. Denied.

23. It is admitted that defendant gave timely and proper notice to plaintiff of cancellation of the agreement referred to in September 2017, which notice speaks for itself and is the best evidence of the content thereof; hence, the remaining allegations contained in paragraph 23 of the second amended complaint are denied.

24-25. Denied.

26. It is admitted that in October 2017, defendant issued a press release, which speaks for itself and is the best evidence of the content thereof; hence, the remaining allegations contained in paragraph 26 of the second amended complaint are denied.

3

27-33.   Denied.

34.   It is admitted that defendant has declined to make further payments or reports to plaintiff. The remaining allegations contained in paragraph 34 of the second amended complaint are denied.

35.   Denied.

36.   It is admitted that defendant offers its products by advertisement throughout the United States, including North Carolina. The remaining allegations contained in paragraph 36 of the second amended complaint are denied.

37.   It is admitted that the letter referred to speaks for itself and is the best evidence of the content thereof, and that defendant declined a license from plaintiff; hence, the remaining allegations contained in paragraph 37 of the second amended complaint are denied.

## ANSWER TO COUNT I

38.   Defendant realleges its answers to the allegations contained in paragraphs 1-37 of the second amended complaint, which are incorporated herein as if fully set forth.

39-40.   It is admitted that the agreement referred to speaks for itself and is the best evidence of the content thereof; hence, the remaining allegations contained in paragraphs 39-40 of the second amended complaint are denied.

41-42. Denied.

43.   It is admitted that after plaintiff materially breached its contract with defendant, defendant declined to submit some payments and reports to plaintiff. The

remaining allegations contained in paragraph 43 of the second amended complaint are denied.

44-47. Denied.

## ANSWER TO COUNT II

48. Defendant realleges its answers to the allegations contained in paragraphs 1-47 of the second amended complaint, which are incorporated herein as if fully set forth.

49-59. Denied.

## ANSWER TO COUNT III

60. Defendant realleges its answers to the allegations contained in paragraphs 1-59 of the second amended complaint, which are incorporated herein as if fully set forth.

61-70. Denied.

## ANSWER TO COUNT IV

71. Defendant realleges its answers to the allegations contained in paragraphs 1-70 of the second amended complaint, which are incorporated herein as if fully set forth.

72-79. Denied.

## ANSWER TO COUNT V

80. Defendant realleges its answers to the allegations contained in paragraphs 1-79 of the second amended complaint, which are incorporated herein as if fully set forth.

81-82. It is admitted that the agreement referred to speaks for itself and is the best evidence of the content thereof; hence, the remaining allegations contained in paragraphs 81-82 of the second amended complaint are denied.

83. It is admitted that the contract referred to speaks for itself and is the best evidence of the content thereof; hence, the remaining allegations contained in paragraph 83 of the second amended complaint are denied.

84-86. Denied.

**AND FOR A FIRST FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

As further alleged in defendant's counterclaim, plaintiff materially breached any alleged agreement with defendant before any alleged breach by defendant, which excused any further performance by defendant and is pleaded in bar of any recovery by plaintiff.

**AND FOR A SECOND FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

Plaintiff has failed to mitigate any alleged injury or damage, which is pleaded in bar or reduction of any recovery by plaintiff. For example, plaintiff failed to improve its inferior product and therefore, to the extent Mitchell lost any customers, it was due to the fact that its product was not competitive.

**AND FOR A THIRD FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

Plaintiff has been paid by defendant for any contractual or other obligations owed, which is pleaded in bar of any recovery by plaintiff. For example, defendant continued to pay plaintiff under its contract until this lawsuit was filed.

**AND FOR A FOURTH FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

As further alleged in defendant's counterclaim, plaintiff has come into court with unclean hands and failed to do equity, which is pleaded in bar of any equitable or injunctive relief sought by plaintiff.

**AND FOR A FIFTH FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

Plaintiff has waived any claim against defendant, which is pleaded in bar of any recovery by plaintiff. For example, plaintiff agreed to handle the termination of its contract with defendant by submitting a final invoice, and in doing so, waived any claim for additional payment that it seeks in this lawsuit.

Plaintiff has also waived the right to any exemplary or punitive damages in this case based on the explicit language of its contract with defendant.

**AND FOR A SIXTH FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

As further alleged in defendant's counterclaim, plaintiff is estopped by its own misconduct to assert any claim against defendant, which is pleaded in bar of any recovery by plaintiff.

**AND FOR A SEVENTH FURTHER ANSWER AND DEFENSE** to the second amended complaint and by way of credit, set-off, and recoupment, defendant alleges and says:

As further alleged in defendant's counterclaim, defendant has been injured and damaged by plaintiff's breach of contract and other misconduct, which is pleaded in bar or reduction of any recovery by plaintiff, by way of credit, set-off and recoupment.

**AND FOR AN EIGHTH FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

Plaintiff's claim for breach of contract is barred for lack or failure of consideration, which is pleaded in bar of any recovery by plaintiff. For example, to induce defendant to contract with plaintiff, plaintiff promised to update its system to cover components other than engines but failed to do so.

**AND FOR A NINTH FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

As further alleged in defendant's counterclaim, plaintiff breached the implied covenant of good faith and fair dealing in any alleged contract with defendant, which is pleaded in bar of any recovery by plaintiff.

**AND FOR A TENTH FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

As further alleged in defendant's counterclaim, plaintiff engaged in misrepresentation with regard to its products and services, which is pleaded in bar of any recovery by plaintiff. For example, to induce defendant to contract with plaintiff, plaintiff promised to update its system to cover components other than engines but failed to do so.

**AND FOR AN ELEVENTH FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

The contract between the parties explicitly bars any party from recovering punitive or exemplary damages. Thus, defendant pleads the terms of its contract with plaintiff in bar of any punitive or exemplary damages recovery by plaintiff.

**AND FOR A TWELFTH FURTHER ANSWER AND DEFENSE** to the second amended complaint, defendant alleges and says:

Plaintiff's Lanham Act claim is not viable because the product defendant sold was its JPRO and plaintiff does not contend that defendant misrepresented its JPRO. Furthermore, plaintiff's product was merely a component software system incorporated into the JPRO along with other software systems to retrieve repair information about certain truck components.

**AND FOR A THIRTEENTH FURTHER ANSWER AND DEFENSE** to the second amended complaint and by way of **COUNTERCLAIM**, defendant alleges and says:

1. The court has subject matter jurisdiction of this action pursuant to 28 USC §1331, and the amount in controversy exceeds $75,000.

2. On or about July 20, 2015, the parties entered into a Service Information Access Agreement ("SIA Agreement"), pursuant to which plaintiff agreed to provide certain software and interface services to support defendant's JPRO diagnostic scanning tool for commercial trucks.

3. The SIA Agreement was a valid and binding contract between the parties.

4. Plaintiff materially breached its SIA Agreement with defendant by failing to provide the agreed content and other support services to defendant's automotive customers, prompting numerous customer complaints. Also, to induce defendant to contract with plaintiff, plaintiff promised to update its system to cover components other than engines but failed to do so.

5. As a proximate result of plaintiff's breach of the SIA Agreement, defendant has suffered damages, which defendant is entitled to recover of plaintiff, with interest allowed by law, by way of counterclaim.

**AND FOR A FOURTEENTH FURTHER ANSWER AND DEFENSE** to the second amended complaint and by way of **COUNTERCLAIM**, defendant alleges and says:

1. Defendant realleges the allegations contained in the previous answers and defenses and counterclaims, which are incorporated herein as if fully set forth.

2. Inherent in the SIA agreement of the parties was an implied covenant of good faith and fair dealing, requiring plaintiff to exercise its discretion to provide products and services to defendant's customers as agreed.

3. Plaintiff used such discretion to withhold its products, content and services from defendant's customers and thereby breached the implied covenant of good faith and fair dealing.

4. As a result of plaintiff's abuse of its discretion, plaintiff deprived defendant the right to receive the benefits of its contract with plaintiff. For example, plaintiff promised to update its system to cover components other than engines but failed to do so. Also, when plaintiff's inferior product resulted in customer complaints to defendant, plaintiff acted in bad faith and refused to address defendant's concerns.

5. As a proximate result of plaintiff's breach of the implied covenant of good faith and fair dealing, defendant has suffered damages, which it is entitled to recover of plaintiff, with interest allowed by law, by way of counterclaim

**WHEREFORE,** defendant respectfully prays the court that:

1. Plaintiff have and recover nothing and that plaintiff's action be dismissed with prejudice;

2. Defendant have and recover actual damages of plaintiff, by way of counterclaim;

3. The costs of this action, including reasonable attorney's fees pursuant to N.C.G.S. 1-45, be taxed against plaintiff;

4. This action be tried by a jury; and

5. The court grant such other and further relief as shall be just and proper.

This the 5th day of June, 2019.

/s/ G. Gray Wilson
G. Gray Wilson, NC Bar No. 7398
Mark A. Stafford, NC Bar No. 16835
Stuart H. Russell, NC Bar No. 34956
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336-774-3271
Fax: 336-774-3299
gray.wilson@nelsonmullins.com
mark.stafford@nelsonmullins.com
stuart.russell@nelsonmullins.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such to the following:

>Allen R. Baum
>abaum@brinksgilson.com
>
>James K. Cleland
>jcleland@brinksgilson.com
>
>Gary M. Ropski
>gropski@brinksgilson.com
>
>Daniel A. Parrish
>dparrish@brinksgilson.com
>
>*Attorneys for Plaintiff*

>/s/ G. Gray Wilson
>G. Gray Wilson, NC Bar No. 7398
>NELSON MULLINS RILEY & SCARBOROUGH LLP
>380 Knollwood Street, Suite 530
>Winston-Salem, NC 27103
>Telephone: 336-774-3271
>Fax: 336-774-3299
>gray.wilson@nelsonmullins.com
>*Attorney for Defendant*